# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**SHAWNEE LANESE NEAL,**

**Plaintiff,**

**-vs-**                                                      **Case No. 6:17-cv-186-Orl-22GJK**

**COMMISSIONER OF SOCIAL SECURITY,**

**Defendant.**

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration, without oral argument, on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED MOTION FOR ATTORNEY'S FEES (Doc. No. 25)** |
| **FILED:** | **December 6, 2017** |
| _____ | |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

On October 4, 2017, a judgment was entered reversing and remanding this case to the Commissioner of Social Security for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), after the Court granted Defendant's unopposed motion to remand. Doc. Nos. 20, 23, 24. On December 6, 2017, Plaintiff moved, pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (the "EAJA"), for an award of attorney's fees (the "Motion"). Doc. No. 25.

In the Motion, Plaintiff requests the Court award attorney's fees in the amount of $3,779.09.[1] *Id.* at 1. Counsel represents that 10.1 hours of work were expended by attorneys on

---

[1] Plaintiff does not ask the Court to authorize the payment of fees to Plaintiff's counsel. Instead, Plaintiff requests that she be awarded fees and states: "If the U.S. Department of the Treasury determines that Plaintiff does not owe a federal debt, the government may, in its discretion, accept Plaintiff's assignment of EAJA fees and pay fees directly to Plaintiff's counsel." Doc. No. 25 at 2-3. This language mirrors the language used in the undersigned's previous

the case in 2017, at an hourly rate of $195.95, and 24 hours of work were expended by a paralegal on the case in 2017, at an hourly rate of $75.[2] *Id.* at 2. The hourly rates requested for the attorneys do not exceed the EAJA cap of $125 per hour adjusted for inflation, and this Court has found $75 per hour for paralegal time to be a reasonable rate. *Id.* at 9-10; *Schumacher v. Comm'r of Soc. Sec.*, No. 6:14-CV-1963-ORL-28TBS, 2015 WL 6688190, at *2 (M.D. Fla. Oct. 30, 2015). The Court finds that the hourly rates and time expended are reasonable.[3] The Motion is unopposed. Doc. No. 25 at 3.

Accordingly, it is **RECOMMENDED** that:

1. The Motion (Doc. No. 25) be **GRANTED**; and

2. The Clerk be directed to close the case.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **In order to expedite the final disposition of this matter, if the parties have no objections**

---

[2] Counsel attaches detailed time sheets in support of the hourly rates and the number of hours worked. Doc. No. 25 at 12-14.

[3] Paralegal time is recoverable under the EAJA, provided that the paralegal performed work traditionally done by an attorney. *Jean v. Nelson*, 863 F.2d 759, 778 (11th Cir. 1988). The paralegal's time records state that he reviewed the transcript and worked on drafting the brief. Doc. No. 25 at 14.

reports and recommendations that recommended granting the amount of the attorney's fees awarded to the plaintiffs under the EAJA, but declined to order the Department of the Treasury to pay the award directly to the plaintiffs' counsel. This Motion differs from those addressed in the previous reports and recommendations because Plaintiff here does not ask the Court to authorize payment of the attorney's fee award to her counsel.

**to this Report and Recommendation, they may promptly file a joint notice of no objection.**

**RECOMMENDED** in Orlando, Florida, on December 7, 2017.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies to:
Counsel of Record